## CROCKET v. LEWIS' ADMINISTRATOR.

Supreme Court.  Kent.  October, 1818.

*Clayton's Notebook, 79.*

*Hall* for plaintiff. Every administrator is a trustee. Where an administratrix marries, her husband becomes invested with her powers and liable to the same trusts. Every administrator is required by the Acts of Assembly to pass an account within one year. During that time he cannot be called to an account, but after that he holds in trust; it is *debitum in praesenti solvendum in futuro*. William Numbers became guardian before the expiration of the year.

After passing the administration account, how did Numbers hold the unappropriated balance appearing on it? As guardian he had a right to demand and receive all monies due his ward; as administrator he could not hold the balance with any degree of propriety, for it was due to his ward, 3 Bl.Comm. 18, 1 Plowd. Comm. 184, 3 Term 557. And as he could not sue himself, the debt became transferred by act of law from him as administrator to him as guardian; for it is a rule that whenever an obligation to pay and a right to demand and receive are both centered in the same individual, the law by its mere operation transfers the money or thing precisely as it would do on a suit and recovery if the debtor and debtee were distinct persons—it supposes everything done that ought to be done. William Numbers, being then entitled to the balance as guardian, held it in that capacity.

*Ridgely, contra.* The sureties on the guardian bond are only answerable for what Numbers actually received as guardian, but not for anything which came to his hands as administrator in right of his wife; for that the sureties on the administration

bond are the proper persons to resort to. The cases cited from the English books do not apply to this case, because it is a case of *autres droits,* and because it is a case governed by our own Act of Assembly, 1 Del.Laws 284, c. 119a. The administration account was simply passed and filed. No decree of distributions was made by the Register, which is necessary before suit can be brought by next of kin, [1 Del.Laws] 286, s. 2. The law, therefore, could not work a transfer by supposing a suit and recovery, for no suit could have been brought before a distribution made. And even after a distribution, the administrator is not bound to pay until a bond is executed by the person entitled, conditioned to refund if further debts appear. [1 Del.Laws] 287, s. 3. Such a bond might have been given by the guardian, because it is to the State, and ought to have been given, because supposing the balance to have been charged to himself by Numbers as guardian and credited as administrator, and further debts had appeared against the estate after his death, the administration sureties could never recover of the ward.

JOHNS, C. J. A majority of the Court (himself and PAYNTER, J.) are of opinion that in these suits the whole sum is not recoverable, but only the balance of the guardian account. The principles are: First, that by the express words of the condition of the guardian bond, the liability of the sureties is confined to such money as comes to the hands of the guardian; and a surety is not to be made liable by construction beyond the express words of the contract. Second, we acknowledge the general principle that when the same person is bound to pay and has a right to receive, it operates as a legal transfer; but this principle is not universal and does not apply to this case: first, because a transfer cannot be by law, when it is to operate an injury or work iniquity; second, because in this case the obligation of William Numbers to pay was in *autres droits,* a qualified or conditional obligation growing out of his marriage, on which, if sued during the marriage, a recovery might have been had, but not if sued afterwards, for then the liability to pay is at an end. Now Numbers died before his wife and before any suit brought, and as no suit can be maintained after his death against his representatives for the debt of his wife, the sureties cannot be liable.

DAVIS, J. dissented.

[NOTE.] The two sureties in a replevin bond liable only to penalty and costs. 1 Taun. 218.